# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONG SOOK LIM,<br><br>              Plaintiff,<br><br>     v.<br><br>COUNTY OF TULARE; UNKNOWN PUBLIC EMPLOYEE 1; and UNKNOWN PUBLIC EMPLOYEE 2,<br><br>              Defendants. | CASE NO. 1:20-cv-01049-NONE-SKO<br><br>**SECOND SCREENING ORDER AND ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF COPY OF FIRST SCREENING ORDER**<br><br>**(Doc. 5)**<br><br>**30-DAY DEADLINE** |

On July 30, 2020, Plaintiff Chong Sook Lim, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Tulare (the "County") and two unknown "officer[s], agent[s], and/or employee[s]" of the County. (Doc. 1 ("Compl.").) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on July 31, 2020. (Docs. 2 & 3.)

On August 17, 2020, Plaintiff's complaint was screened in accordance with 28 U.S.C. § 1915(e)(2). (*See* Doc. 4.) In a fourteen-page order, the undersigned found that Plaintiff did not adequately plead facts to state a claim under Section 1983 against any defendant and that her complaint implicated the *Rooker–Feldman* bar to jurisdiction. (*See* Doc. 4 at 6–13.) Plaintiff was also advised that, as a pro se litigant, is not entitled to attorney's fees. (*See id*. at 4 n.1.) Plaintiff was provided with the applicable legal standards so that she could determine if she would like to

1 pursue her case, and she was granted twenty-one (21) days leave to file an amended complaint curing
2 the pleading deficiencies identified in the order.  (*Id*. at 13.)  Plaintiff was advised that any amended
3 complaint should not include any argument or case authority and be free of tracked changes, which
4 had been included in her original complaint.  (*Id*.)

5      Plaintiff filed her amended complaint on September 4, 2020.  (Doc. 5.)  The undersigned has
6 reviewed the amended complaint and observes that, other than the removal of track changes and
7 minor rewording of headings, the allegations, claims, and prayer for relief are copied <u>verbatim</u> from
8 the initial complaint.  (*Compare* Doc. 5 *with* Doc. 1.)  As such, Plaintiff's amended complaint does
9 not address, much less cure, any of the substantive pleading deficiencies identified in the Court's
10 first screening order.

11      In view of Plaintiff's pro se status, and because she may be able to correct the deficiencies
12 in her pleading, Plaintiff is granted **one final opportunity** to amend her allegations.  The Clerk of
13 Court will serve another copy of the first screening order, which sets forth the clear standards by
14 which Plaintiff's second amended complaint will be evaluated.

15      Accordingly, IT IS HEREBY ORDERED that:
16      1.   Plaintiff is granted leave to file a second amended complaint;
17      2.   Within thirty (30) days from the date of service of this order, Plaintiff must file either:
18           (a) a second amended complaint curing the deficiencies identified by the Court in its
19           first screening order, or (b) or a notice of voluntary dismissal; and
20      3.   The Clerk of Court shall send Plaintiff a copy of the Court's first screening order
21           entered August 17, 2020 (Doc. 4).
22 **<u>If Plaintiff fails to file a second amended complaint in compliance with the Court's screening</u>**
23 **<u>orders, the undersigned will recommend to the assigned district judge that this action be</u>**
24 **<u>dismissed for failure to state a claim and failure to obey a court order</u>.**

25
26 IT IS SO ORDERED.

27 Dated:   **September 18, 2020**             /s/ *Sheila K. Oberto*
28                                        UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28