# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONG SOOK LIM,<br><br>         Plaintiff,<br><br>   v.<br><br>JENNIFER MENNE and MELANIE HUERTA,<br><br>         Defendants. | Case No. 1:20-cv-01049-NONE-SKO<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF REQUEST FOR KOREAN INTERPRETER<br><br>(Doc. 24) |

Plaintiff Chong Sook Lim is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). On May 25, 2021, Plaintiff filed a request for the Court to provide a Korean language interpreter for the scheduling conference on June 17, 2021, and for "all other conferences and trials for this case in the future." (Doc. 20.) The Court denied Plaintiff's request on June 2, 2021. (Doc. 21.) On June 8, 2021, Plaintiff filed an "objection" to the "dismissal" of Plaintiff's request for a Korean interpreter, which the Court construes as a motion to reconsider her request. (Doc. 24.) Plaintiff asserts that she is entitled to a Court-provided interpreter pursuant to 28 U.S.C. § 1827 and that the denial of an interpreter is "unlawful, racist, and prejudice against citizens." (*Id*.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th

Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) of the United States District Court, Eastern District of California ("Local Rule") requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

The Court previously found that Plaintiff was not entitled to a Court-provided interpreter under 28 U.S.C. § 1827.  (*See* Doc. 21.)  Plaintiff has not shown that this determination was clearly erroneous.  As previously explained, section 1827 applies only those actions *initiated*, or filed, by the United States as a plaintiff.  *See* 28 U.S.C. § 1827(j); *see also Vera v. Gipson*, No. 1:13-CV-00814-AWI, 2013 WL 6000576, at *1 (E.D. Cal. Nov. 12, 2013).  It does not apply to actions filed by private individuals, regardless of whether they are United States citizens.  *See Vera*, 2013 WL 6000576, at *1.  *See also Simanov v. Guam PDN*, No. CV 19-00147, 2020 WL 5845712, at *7 (D. Guam Sept. 30, 2020) ("The court is only required to provide interpretation services in criminal and civil actions initiated by the United States.  This is a civil action initiated by a private litigant, and accordingly the Plaintiff's request for a translator or interpreter is denied.") (citation omitted).

Accordingly, because Plaintiff has not demonstrated the existence of clear error, and has not otherwise shown she meets the standard for reconsideration, the motion for reconsideration of her request for a Court-provided Korean interpreter is hereby DENIED.

IT IS SO ORDERED.

Dated:   **June 10, 2021**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE