# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONG SOOK LIM,<br><br>    Plaintiff,<br><br>  v.<br><br>JENNIFER MENNE and MELANIE HUERTA,<br><br>    Defendants. | Case No. 1:20-cv-01049-NONE-SKO<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER STRIKING THIRD AMENDED COMPLAINT<br><br>(Doc. 32) |

Plaintiff Chong Sook Lim is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. On September 9, 2021, Plaintiff lodged a "Third Amended Complaint." (Doc. 30.) The Court ordered the pleading stricken from the record, finding that Plaintiff did not comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Doc. 31.) On September 14, 2021, Plaintiff filed an "objection" to the "dismissal" of the third amended complaint, which the Court construes as a motion to reconsider the Court's order. (Doc. 32.) Plaintiff asserts that her amendment is proper because it was filed on the deadline for filing amendments to pleadings set forth in the Court's Scheduling Order. (*Id*.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) of the United States District Court, Eastern District of California requires, in relevant part, that Plaintiff show "what new or different facts or

circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

The Court previously found that Plaintiff was not permitted to amend her complaint because the time to amend her pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) had expired and she had not shown compliance with Rule 15(a)(2). (*See* Doc. 31.) Plaintiff has not shown that this determination was clearly erroneous. While Plaintiff is correct that the third amended complaint was timely in that it was lodged by the deadline set forth in the Scheduling Order, that is only part of the inquiry. As the Scheduling Order sets forth, and Plaintiff quotes in her motion:

> filing motions and/or stipulations requesting leave to amend the pleadings by September 9, 2021, ***does not reflect on the propriety of the amendment*** or imply good cause to modify the existing schedule, if necessary. ***All proposed amendments must*** (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) ***establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, see Foman v. Davis, 371 U.S. 178, 182 (1962).***

(Doc. 29 (emphasis added).) Thus, to file an amended complaint, even by the deadline set forth in the Scheduling Order, Plaintiff must first show, either by agreement with Defendants or by a noticed motion, that her amendment complies with Rule 15(a) of the Federal Rules of Civil Procedure.[1] Plaintiff has not yet done so.

Accordingly, because Plaintiff has not demonstrated the existence of clear error, and has not otherwise shown she meets the standard for reconsideration, the motion for reconsideration of the Court's order striking her third amended complaint is hereby DENIED.

IT IS SO ORDERED.

Dated:   **September 17, 2021**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] It is undisputed that the time for Plaintiff to amend her pleading as a matter of course has expired. *See* Fed. R. Civ. P. 15(a)(1).

2

3