UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONG SOOK LIM,<br><br>      Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE, et al,<br><br>      Defendants. | Case No.: 1:20-cv-01049 JLT SKO<br><br>ORDER DENYING PLAINTIFFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 66) |

The plaintiff moves the Court to reconsider its order granting the defendant's motion for reconsideration. (Doc. 66) The plaintiff contends that the Court failed to consider the other issues raised by her complaint and failed to consider the evidence she submitted in opposition to the motion for summary judgment. (Doc. 66) Because the plaintiff fails to demonstrate "facts or law of a strongly convincing nature" sufficient to justify reconsideration. Thus, the motion is **DENIED**.

**I.**    **Background**

Recently, the Court granted the defendants' motion for summary judgment. In doing so, the Court noted,

> In determining the motion in this case, it is as important to acknowledge what this case is *not* about as it is to discuss what it *is* about. As terrible as it sounds, this case is not about whether the father molested the child. This case is not about whether the social workers properly determined the outcome of any child abuse referral. This case is also not about whether the family court made the correct decision when it determined the child's custody status. This case is *only* about whether the defendants provided false or fraudulent information to the family court, which resulted in a violation of the plaintiff's right to familial association with her child.

1

(Doc. 64 at 6) Notably, the Court had screened the complaint and dismissed the case except for the issue of whether the defendants violated the plaintiff's First or Fourteenth Amendment rights by providing false or fraudulent information to the Family Court which resulted in the temporary loss of her child's custody. (Docs. 6, 7, 8, 9)

> In granting the motion for summary judgment, the Court found,
>
> there is no evidence that either defendant provided any reports to the Family Court. Indeed, there is no evidence that Ms. Menne provided any information whatsoever to anyone connected to the child custody matter. Though Ms. Huerta answered the questions of the court investigator, nothing she said could be construed as false or fraudulent evidence. Instead, her comments simply recited her impressions of the information gathered, and her comments were couched in terms of her "concerns" rather than assertions of fact. Though the plaintiff clearly believes that Ms. Huerta's concerns were unfounded, is disappointed in the results of the various child abuse reports and disagrees with them, this does not mean that the statements made by Ms. Huerta were false or that she violated the plaintiff's rights when she made them.

*Id.* at 10. In determining the motion, the Court considered all of the evidence submitted, including that provided by the plaintiff despite that it was not authenticated, had been written on and, largely, failed to address the issues remaining in the case. (*See* Doc. 64 at fn. 1)

**II.     Motion for reconsideration**

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir.1994). Motions for reconsideration are disfavored, and they are not to be used to ask the Court "to rethink what the court had already thought through . . ." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

The Court is vested with the discretion to determine motions to reconsider. C*ombs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir.1987). To succeed, a party must set forth new facts or new law, which demonstrate clear error. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir.1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances [that] are claimed to exist which did not exist or were not

shown upon such prior motion, or what other grounds exist for the motion."

In her motion for reconsideration, the plaintiff asserts that the Court failed to consider all of the issues raised in her lawsuit and failed to consider all of the evidence submitted. (Doc. 66) Consequently, she asks the Court to consider again all of the arguments and evidence it has already considered. *Id*. at 3-4. However, as noted above, the Court evaluated *only* the single issue left in this case (Doc. 64 at 6) and considered all of the evidence presented by all of the parties, including the plaintiff. (*See* Doc. 64 at fn. 1) Because the plaintiff has not made any showing of entitlement to reconsideration and she expresses only disagreement with the Court's determination, her motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 26, 2022**

_____
UNITED STATES DISTRICT JUDGE